## A91A0884. GULF ATLANTIC MEDIA OF GEORGIA, INC. v. ROTH.
### (410 SE2d 163)

Pope, Judge.

Defendant/appellant Gulf Atlantic Media of Georgia, Inc. ("Gulf") appeals from the trial court's grant of partial summary judgment in favor of plaintiff-appellee Jerry Roth a/k/a Jerry Rogers. Roth was employed by Gulf as its president and chief executive officer from July 29, 1988 until December 29, 1989. Roth filed this action alleging that Gulf breached an employment agreement entered into by Gulf and Roth on July 29, 1988. Roth later moved for partial summary judgment for all monies he alleged were owed to him under the employment agreement. The trial court granted Roth's motion for partial summary judgment. Gulf appeals from that decision.

After a careful review of the record, including the disputed employment contract, this court finds that there remain disputed issues of material fact which require the partial reversal of the trial court's grant of partial summary judgment in this case. Although it is the trial court's duty to construe unambiguous contracts, "the trial court may not construe an inherently ambiguous contract." *Travelers Indem. Co. v. A. M. Pullen & Co.*, 161 Ga. App. 784, 789 (289 SE2d 792) (1982). When certain provisions in a contract are ambiguous, a jury must resolve the true intention of the parties by considering parol evidence. Id. The record discloses the portion of the employment contract concerning bonuses is ambiguous about what constituted Gulf's 1988 fiscal year for purposes of calculating any bonus to which Roth may have been entitled. We further find that an issue of material fact remains concerning whether Roth has received his full salary for the year 1989.

The trial court properly granted Roth summary judgment on the disputed automobile expense claim since the pertinent contract provision provided "[Roth] shall be entitled to receive an expense allowance to lease an automobile in the amount of Three Hundred Dollars ($300) per month, or the Company shall make other *mutually agreeable arrangements* to provide [Roth] with an automobile for use in fulfilling his duties hereunder." (Emphasis supplied.) The evidence is uncontroverted that Roth never agreed to the use of an automobile in lieu of the $300 automobile allowance. Gulf does not dispute those portions of the trial court's grant of partial summary judgment concerning Roth's entitlement to a bonus for 1989 in the amount of $20,000 or for reimbursement of disability insurance premiums for one year in the amount of $2,200.40. Accordingly, this court affirms the trial court's grant of partial summary judgment concerning those issues.

*Judgment affirmed in part and reversed in part. Birdsong, P. J.,*

*and Cooper, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Oliver, Maner & Gray, James P. Gerard*, for appellant.
*McCallar & Associates, C. James McCallar, Jr.*, for appellee.